UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 58, GREGG SMITH, in His Capacity as Business Manager of PAINTERS DISTRICT COUNCIL NO. 58, SAINT LOUIS PAINTERS PENSION TRUST, SAINT LOUIS PAINTERS WELFARE TRUST, SAINT LOUIS PAINTERS VACATION TRUST, and PAINTERS DISTRICT COUNCIL NO. 2 APPRENTICESHIP AND JOURNEYMAN TRAINING TRUST, By and through GREGG SMITH, RICHARD LUCKS, CARL FARRELL, JOSEPH MUELLER, DONALD THOMAS, DANIEL WIENSTROER, MICHAEL SMITH, WALTER BAZAN JR., KYLE LOPEZ, MARK BORGMANN, JOSEPH KEIPP, TIM WEIS and DANE MCGRAW, in Their Representative Capacities as Trustees, Plaintiffs, v. QUALITY ASSURED INDUSTRIAL COATINGS, LLC, Defendant. | Case No. <br><br> NO JURY TRIAL |

## COMPLAINT

COME NOW Plaintiffs, and for their cause of action against Quality Assured Industrial Coatings, LLC, (hereinafter referred to as "Quality Assured"), state as follows:

1. Jurisdiction over this cause of action and the parties is conferred by §§ (a), (b) and (c) of § 301 of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), 29 U.S.C. § 185 and by §§ 502(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1132(e)(1) and (f).

2. Venue in this Court is appropriate by virtue of § 502(e)(2) of ERISA, 29 U.S.C. 1132(e)(2).

3. Plaintiff Painters District Council No. 58 (f/k/a Painters District Council No. 2 and hereinafter "Painters") is a "labor organization" within the meaning of § 2(5) of the National Labor Relations Act (hereinafter "NLRA"), 29 U.S.C. §152(5), representing employees in an industry affecting commerce within the meaning of § 301 of the LMRA, 29 U.S.C. § 185, and is an "employee organization" within the meaning of § 3(4) of ERISA, 29 U.S.C. § 1002(4).

4. Painters maintains its principal offices within this judicial district at 2501 59th Street, St. Louis, Missouri 63110.

5. The Saint Louis Painters Pension Trust (f/k/a Painters District Council No. 2 Pension Trust and hereinafter "Pension Trust") is an employee benefit plan within the meaning of §§ 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(3) and 1132(d)(1).

6. The Pension Trust is a multiemployer plan within the meaning of § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

7. The Pension Trust is administered within this judicial district in Maryland Heights, St. Louis County, Missouri 63043.

8. Plaintiffs Gregg Smith, Carl Farrell, Richard Lucks, Daniel Wienstroer, Tim Wies and Kyle Lopez constitute the Joint Board of Trustees of the Pension Trust ("Pension Trustees").

9. The Pension Trustees are the Plan Sponsor of the Pension Trust within the meaning of § 3(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B).

10. The Pension Trustees are fiduciaries within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), with respect to the Pension Trust.

11. The Saint Louis Painters Welfare Trust (f/k/a Painters District Council No. 2 Welfare Trust and hereinafter "Welfare Trust") is an employee benefit plan within the meaning of §§ 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(3) and 1132(d)(1).

12. The Welfare Trust is a multiemployer plan within the meaning of § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

13. The Welfare Trust is administered within this judicial district in Maryland Heights, St. Louis County, Missouri 63043.

14. Plaintiffs Gregg Smith, Joseph Mueller, Carl Farrell, Walter Bazan Jr., Michael Smith and Don Thomas constitute the Joint Board of Trustees of the Welfare Trust ("Welfare Trustees").

15. The Welfare Trustees are the Plan Sponsor of the Welfare Trust within the meaning of § 3(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B).

16. The Welfare Trustees are fiduciaries within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), with respect to the Welfare Trust.

17. The Saint Louis Painters Vacation Trust (f/k/a Painters District Council No. 2 Vacation Trust and hereinafter "Vacation Trust") is an employee benefit plan within the meaning of §§ 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(3) and 1132(d)(1).

18. The Vacation Trust is a multiemployer plan within the meaning of § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

19. The Vacation Trust is administered within this judicial district in Maryland Heights, St. Louis County, Missouri 63043.

20. Plaintiffs Gregg Smith, Joseph Mueller, Carl Farrell, Mark Borgmann, Walter Bazan, Jr., and Joseph Keipp constitute the Joint Board of Trustees of the Vacation Trust ("Vacation Trustees").

21. The Vacation Trustees are the Plan Sponsor of the Vacation Trust within the meaning of § 3(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B).

3

22. The Vacation Trustees are fiduciaries within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), with respect to the Vacation Trust.

23. The Painters District Council No. 2 Apprenticeship and Journeyman Training Trust (hereinafter "Apprenticeship Trust") is an employee benefit plan within the meaning of §§ 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(3) and 1132(d)(1).

24. The Apprenticeship Trust is a multiemployer plan within the meaning of § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

25. The Apprenticeship Trust is administered within this judicial district at 18036 Eads Avenue, Chesterfield, Missouri 63005.

26. Plaintiffs Gregg Smith, Michael Smith, Joseph Keipp, Carl Farrell, Dane McGraw, and Joseph Mueller constitute the Joint Board of Trustees of the Apprenticeship Trust ("Apprenticeship Trustees").

27. The Apprenticeship Trustees are the Plan Sponsor of the Apprenticeship Trust within the meaning of § 3(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B).

28. The Apprenticeship Trustees are fiduciaries within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), with respect to the Apprenticeship Trust.

29. At all times relevant herein, Quality Assured was doing business within the State of Missouri and this judicial district.

30. Quality Assured was at all times relevant herein an employer within the meaning of § 301 of the LMRA, 29 U.S.C. § 185, and within the meaning of §§ 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145.

31. Quality Assured is signatory to and/or bound by a collective bargaining agreement (hereinafter "CBA") with the Painters since at least 2009.

32. The CBA bound Quality Assured to submit fringe benefits, dues remissions, contributions to the Labor Management Cooperation Fund and evidencing hours for each hour worked by its construction employees at the rate and manner specified in the CBA and Trust documents.

33. Under the terms of the CBA, Quality Assured was obligated to make weekly reports and contributions on all covered employees in its employ, showing the number of hours worked and contributions due on its construction employees at the rate and manner specified in the CBA and Trust documents.

34. Under the terms of the CBA, Quality Assured was obligated to make contributions on a weekly basis to the Trusts and the Labor Management Cooperation Fund.

35. Under the terms of the CBA, Quality Assured was obligated to remit lawfully deducted Union dues to the Painters.

36. The Trusts and the Trustees are third party beneficiaries of the CBA.

37. Under the terms of the CBA, Quality Assured was bound to the Saint Louis Painters Pension Trust and Plan Agreement (hereinafter "Pension Agreement").

38. Under the terms of the CBA, Quality Assured was bound to the Saint Louis Painters Welfare Trust Agreement (hereinafter "Welfare Agreement").

39. Under the terms of the CBA, Quality Assured was bound to the Saint Louis Painters Vacation Plan and Trust Agreement (hereinafter "Vacation Agreement").

40. Under the terms of the CBA, Quality Assured was bound to the Painters District Council No. 2 Apprenticeship and Journeyman Training Trust Agreement (hereinafter "Apprenticeship Agreement").

41. Article XXII of the Pension Agreement provides in part:

The Trustees shall further have the right to audit the books of a participating employer when such is deemed necessary or desirable for the effective administration of the Trust.

42. Article XXI of the Welfare Agreement provides in part:

The Trustees shall have the authority to reasonably request of any Employer, and an Employer, when so reasonably requested, shall furnish to the Trustees such information, documents and reports as may be necessary in the performance of their duties under this Agreement and Declaration of Trust.

43. Article XV of the Vacation Agreement provides in relevant part:

The Trustees shall have the authority to reasonably request of any Employer, and an Employer when so reasonably requested shall furnish to the Trustees, such information and reports as may be necessary in the performance of their duties under this Plan and Trust Agreement.

44. Article V, § 4, of the Apprenticeship Agreement provides in part as follows:

The Board of Trustees, or any authorized agent or representative of the Trustees, shall have the right, at all reasonable times during business hours, to enter upon the premises of any Employer obligated to contribute to the Fund and to examine and copy such of the books, records, paper and reports of said Employer as may be necessary to determine the hours of work done and places where done by any employees and to permit the Trustees to determine whether said Employer is making payment to the Trust of the amount required by the Collective Bargaining Agreement with said Employer.

45. Although demand has been made, Quality Assured has failed and refused to make all the known required contributions and dues remissions. This conduct is a breach of the Agreement and in violation of § 515 of ERISA, 29 U.S.C. § 1145.

46. On March 11, 2020, Plaintiffs completed a payroll examination of Quality Assured's financial books and records and uncovered that $238,861.62 in unpaid contributions, liquidated damages, and audit costs were owed to Plaintiffs. Despite demand, these amounts uncovered as being owed to Plaintiffs by the payroll examination remain owed.

47. Pursuant to § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Quality Assured is liable to Plaintiffs for all unpaid principal amounts.

6

48. Pursuant to § 4 of the CBA and § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Quality Assured is liable for liquidated damages on the unpaid principal amounts.

49. Pursuant to § 4 of the Agreement, § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), and the Plan and Trust agreements referred to above, Quality Assured is liable for liquidated damages on amounts it has paid and may pay in an untimely manner.

50. Pursuant to § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Quality Assured is also liable to pay to Plaintiffs the reasonable attorneys' fees, accounting fees and costs incurred by Plaintiffs in connection with this action.

51. Quality Assured, by its breach of the Agreement, is in violation of § 515 of ERISA, 29 U.S.C. § 1145, and by its breach of the described Plan and Trust agreements, has caused and will continue to cause Plaintiffs to incur reasonable legal, administrative, bookkeeping and accounting fees and costs.

WHEREFORE, Plaintiffs pray:

(a) That this Court enter a preliminary injunction requiring Quality Assured Industrial Coatings, LLC, to submit any reports and payments that may become due after the date of such injunction, within seven (7) days after each weekly payroll date;

(b) That this Court order Quality Assured Industrial Coatings, LLC, to submit all of its books and records to a payroll audit so that Plaintiffs may determine the precise amount of its delinquencies, all in accordance with the Agreement, Trust Agreements, and ERISA;

(c) That this Court award a judgment for contributions and liquidated damages to Plaintiffs;

(d) That this Court award a judgment for dues amounts owed to the Plaintiffs;

7

(e) That this Court enter its judgment and decree against Quality Assured Industrial Coatings, LLC, for the principal amount of the delinquency together with interest and damages on that amount, all in accordance with the CBAs and ERISA;

(f) That this Court enter an order compelling Quality Assured Industrial Coatings, LLC, to specifically perform their obligations to pay liquidated damages on principal amounts it has paid late or may in the future pay late;

(g) That this Court enter an order permanently compelling and enjoining Quality Assured Industrial Coatings, LLC, to submit any and all future reports and payments in a timely fashion under the current or any subsequent CBA to which Painters and Quality Assured Industrial Coatings, LLC, are or may become bound; and

(h) That this Court enter its judgment and decree against Quality Assured Industrial Coatings, LLC, for Plaintiffs' reasonable attorneys' fees and for Plaintiffs' costs, including accounting, auditing, and administrative costs, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

HARTNETT REYES-JONES, LLC

*/s/* Matthew J. Gierse
MATTHEW J. GIERSE, No. 63828MO
DANIEL J. BRYAR, No. 71815MO
4399 Laclede Avenue
St. Louis, Missouri 63108
Telephone:  314-531-1054
Facsimile:   314-531-1131
mgierse@hrjlaw.com
dbryar@hrjlaw.com

Attorneys for Plaintiffs