UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 58, et al., <br><br> Plaintiffs, <br><br> v. <br><br> QUALITY ASSURED INDUSTRIAL COATINGS, LLC, <br><br> Defendant. | Case No. 4:20-cv-00818-MTS |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Entry of Default Judgment, Doc. [15]. Plaintiffs—a group of employee benefit plans (the "Funds"), their trustees, and the union affiliated with those benefit plans (the "Union")—filed this action to recover from Defendant delinquent contributions, liquidated damages, attorney's fees, and costs pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Doc. [1]. Plaintiffs filed the case on June 23, 2020, and Defendant was served with the Summons and Complaint on June 26, 2020. Doc. [4]. Defendant has not filed an answer or otherwise contested the Complaint. The Clerk of Court entered default against Defendant on November 6, 2020, consistent with Fed. R. Civ. P. 55(a), and Plaintiffs subsequently moved for default judgment. Defendant has not responded to either the entry of default or Plaintiffs' Motion.

Once default has been entered against a defendant, "the allegations of the complaint, except as to the amount of damages[,] are taken as true." *Greater St. Louis Constr. Laborers Welfare Fund v. Gateway Constr. Servs.*, No. 4:20-cv-00808-SEP, 2020 WL 6483944, at *1 (E.D. Mo.

1

Nov. 4, 2020) (quoting *Greater St. Louis Constr. Laborers Welfare Fund v. AbatePro, Inc.*, 4:17-cv-02812-AGF, 2018 WL 5849980, at *1 (E.D. Mo. Sept. 6, 2018)).  "With respect to damages in an action for delinquent fringe benefits, pursuant to 29 U.S.C. § 1132(g)(2), a plaintiff is entitled to recover all of the principal contributions owed, plus interest, liquidated damages . . ., attorneys' fees, and costs." *Id.* at *2.  In determining the proper sum for purposes of default judgment, "[t]he Court may rely on affidavits and documentary evidence." *Id.* (quoting *Painters Dist. Council 2 v. Grau Contracting, Inc.*, No. 4:10-cv-02339-AGF, 2012 WL 2848708, at *1 (E.D. Mo. July 11, 2012)).

At all times relevant to this action, Defendant was bound by a collective bargaining agreement ("CBA") with the Union.  Plaintiffs attached the CBA, relevant trust and fund documents, and affidavits in support of their Motion.  Under the CBA, Defendant was obligated to make contributions to the Funds for hours worked by covered employees, in addition to submitting weekly reports providing the number of hours worked and the amount of contributions due to the Funds.  Defendant breached its duties by failing to timely make its contributions as required by the CBA.  In their Motion, Plaintiffs seek judgment against Defendant in the amount of $6,919.07 in delinquent principal contributions, $1,383.81 in liquidated damages on the principal, $1,352.00 in costs for the payroll examination, $4,144.80 in attorney's fees, and $544.84 in costs, totaling $14,344.52.  Docs. [15]; [15-1] at 5.  On review of the evidence and affidavits submitted with Plaintiffs' Motion, the Court finds that Plaintiffs have provided sufficient evidence supporting those amounts and are entitled under the CBA to recover all the principal contributions owed as determined by Plaintiffs' payroll examination, liquidated damages, attorney's fees, and costs, including accounting fees.  Defendant thus owes Plaintiffs a total of $14,344.52.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Entry of Default Judgment, Doc. [15], is **GRANTED.**

A separate Judgment shall accompany this Memorandum and Order.

Dated this 2nd day of June, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE